# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MAURICE BANKS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-301-GPM |
| | ) |
| BRAYAN THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs Larry Maurice Banks, Christopher Smith, James Batey, Kevin Johnson, Matthew Buchanan, and Kenny Rayaoum are, according to the allegations of their complaint in this case, mentally ill persons who have been adjudicated either unfit to stand trial ("UST") or not guilty by reason of insanity ("NGRI") under Illinois law, and who currently are in the custody of the Illinois Department of Human Services ("IDHS"). According to the complaint, Smith, Batey, and Rayaoum have been adjudicated UST, and Johnson and Buchanan have been adjudicated NGRI; it is unclear whether Banks currently is in IDHS custody as UST or NGRI. Smith, Batey, Johnson, Buchanan, and Rayaoum reside at the Alton Mental Health Center ("AMHC") in Alton, Illinois, while Banks resides at the Chester Mental Health Center ("CMHC") in Chester, Illinois. Plaintiffs bring this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights by officers and employees of the IDHS. This case now is before the Court on the matter of leave to proceed in forma pauperis ("IFP") for Plaintiffs. Banks has moved for the Court to waive all filing fees in this case (Doc. 3). Johnson, Batey, and Buchanan have moved for leave to proceed IFP in

this case (Doc. 5, Doc. 7, and Doc. 10). Smith and Rayaoum have neither tendered the filing fee for this case nor requested IFP status.

The Court's usual filing fee in a civil case is $350. *See* 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner must make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit

or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Under 28 U.S.C. § 1915, a prisoner may not proceed IFP in federal court if he or she "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). There is, however, an exception to this so-called "three-strikes" rule in cases where a prisoner with three strikes is "under imminent danger of serious physical injury." *Id*. In a case brought by multiple prisoners, each prisoner must pay a full $350 filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). For purposes of Section 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Persons who are not prisoners within the meaning of the statute are not subject to the requirements of Section 1915(a)(2) and (b). *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997); *Wade v. Swiekatowski*, No. 09-CV-779, 2010 WL 152073, at *1 (E.D. Wis. Jan. 15, 2010). Persons who have been adjudicated UST are, in effect, pretrial detainees, and thus are prisoners for Section 1915 purposes. *See Purifoy v. Kelley*, Civil No. 08-cv-581-DRH, 2009 WL 535947, at *1 (S.D. Ill. Mar. 4, 2009). The question of whether persons adjudicated NGRI are prisoners is a closer one. Under Illinois law, state criminal courts supervise the confinement of NGRI persons. *See* 730 ILCS 5/5-2-4(b); *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). Nonetheless, the weight of authority holds that persons who have been adjudicated NGRI are not prisoners within the meaning of

Section 1915. *See, e.g., Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (a person found NGRI under Missouri law is not a prisoner); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1239-40 (N.D. Cal. 2008) (a person found NGRI under California law is not a prisoner). *See also Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (citing *Kolocotronis*, 247 F.3d at 728) (suggesting in dictum that a person placed in civil detention after the completion of a term of imprisonment for a criminal conviction is not a prisoner). Accordingly, the Court finds that persons adjudicated NGRI under Illinois law are not prisoners and thus are not subject to the requirements of Section 1915(a)(2) and (b).

To turn at last to the matter at hand, Banks's motion to waive filing fees (Doc. 3) is **DENIED**. In Plaintiffs' complaint in this case, it is alleged that Banks has three strikes for purposes of 28 U.S.C. § 1915(g), but it also is alleged that Banks is under imminent danger of serious physical injury. Assuming Banks is a prisoner for Section 1915 purposes, the Court need not decide whether he is in imminent danger. The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). After reviewing PACER records, the Court can verify only two strikes for Banks. *See Banks v. Illinois*, Civil No. 07-547-RAG (N.D. Ill. Aug. 17, 2007) (order dismissing action for failure to state a claim upon which relief may be granted); *Banks v. Dart*, Civil No. 07-2926-MF (N.D. Ill. July 17, 2007) (order dismissing action as frivolous). *See also Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) (in denying a prisoner's IFP motion based on three strikes, a district court must cite case names, case docket numbers, districts in which prior civil actions were filed, and dates of entry of orders dismissing the prior actions).

Therefore, Banks may petition the Court for IFP status in this case. With respect to Batey's motion for leave to proceed IFP, Batey has been adjudicated UST, as noted, and therefore Batey is a prisoner for purposes of Section 1915. Batey's IFP motion is not accompanied by a certified copy of Batey's trust fund account statements from the AMHC for the six-month period immediately preceding the filing of this case, that is, October 13, 2010, to April 13, 2011. Accordingly, Batey's IFP motion (Doc. 7) is **DENIED**.[1] It is hereby **ORDERED** that Smith, Batey, and Rayaoum shall submit to the Court motions for leave to proceed IFP in this case supported by certified copies of their trust fund account statements from the AMHC for the six-month period immediately preceding the filing of this case not later than **twenty (20) days** from the date of entry of this Order. It is **further ORDERED** that Banks shall submit to the Court a motion for leave to proceed IFP in this case not later than **twenty (20) days** from the date of entry of this Order; if Banks has been adjudicated UST, the motion must be supported by a certified copy of Banks's trust fund account statement from the CMHC for the six-month period immediately preceding the filing of this case. If Banks, Smith, Batey, and Rayaoum fail to submit IFP motions to the Court as ordered, their claims will be dismissed. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 7, 2011

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge

---

1. The Court notes that the IFP motions of Johnson and Buchanan are not accompanied by trust fund account statements for the six-month period preceding the filing of this lawsuit. However, Johnson and Buchanan have been found NGRI, as noted, and are not required to submit such statements to the Court.