IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY MAURICE BANKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-301-GPM |
| | ) | |
| BRAYAN THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs Larry Maurice Banks, Kevin Johnson, Matthew Buchanan, and Kenny Rayaoum are, according to the allegations of their complaint in this case, mentally ill persons who have been adjudicated either unfit to stand trial ("UST") or not guilty by reason of insanity ("NGRI") under Illinois law, and who currently are in the custody of the Illinois Department of Human Services ("IDHS"). It appears from the record of this case that Banks and Rayaoum have been adjudicated UST, and Johnson and Buchanan have been adjudicated NGRI. Banks, Johnson, Buchanan, and Rayaoum bring this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights by persons acting under color of state law. Under 28 U.S.C. § 1915A, a federal court must screen a complaint in which a prisoner seeks redress from agents of a governmental entity:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

>    (1) is frivolous, malicious, or fails to state a claim upon which relief may
>    be granted[.]

28 U.S.C. § 1915A.  Additionally, 28 U.S.C. § 1915, the statute governing leave to proceed in forma

pauperis ("IFP") in federal court, provides, in relevant part, that, "[n]otwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

court determines that . . . the action . . . (i) is frivolous or malicious . . . [or] (ii) fails to state a claim

on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B).  An action or claim is frivolous if "it

lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts

to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  Though a court must accept a plaintiff's factual allegations as true, "some factual allegations

will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the

plaintiff's claim."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Also, "courts should not

accept as adequate abstract recitations of the elements of a cause of action or conclusory

legal statements."  *Id*.  The factual allegations of a pro se complaint must be liberally construed.

*See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S.

519, 520 (1972)).[1]

---

1.   As the Court discussed in a previous order in this case, persons who have been adjudicated UST under Illinois law are, in effect, pretrial detainees, and thus are "prisoners" for purposes of 28 U.S.C. § 1915A.   *See Banks v. Thomas*, Civil No. 11-301-GPM, 2011 WL 1750065, at *2 (S.D. Ill. May 6, 2011).  Therefore, the claims of Banks and Rayaoum are subject to screening under Section 1915A.  However, as the Court also has explained, persons who have been adjudicated NGRI under Illinois law are not "prisoners" within the meaning Section 1915A.  *See id*. Nonetheless, while the claims of Johnson and Buchanan, who, as noted, have been adjudicated NGRI under Illinois law, are not subject to the requirements of Section 1915A, both Johnson and Buchanan have elected to proceed IFP in this case, so that their claims are subject to review and dismissal under 28 U.S.C. § 1915(e)(2).

The operative complaint in this case (Doc. 15) is devoid of any substantive allegations

regarding Johnson, Buchanan, and Rayaoum, and therefore all claims in this case by Johnson,

Buchanan, and Rayaoum will be dismissed.  *See Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010

WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764

(7th Cir. 2003)) (a plaintiff bringing suit under 42 U.S.C. § 1983 must make allegations that

"associate specific defendants with specific claims . . . so [the] defendants are put on notice of the

claims brought against them and so they can properly answer the complaint.").[2]  With respect to the

claim for relief asserted by Banks, the Court likewise finds that Banks has failed to state a claim

upon which relief may be granted.  The gravamen of Banks's complaint is chiefly that he was

transferred from the Elgin Mental Health Center ("Elgin") to the Alton Mental Health Center

("Alton") and then from Alton to the Chester Mental Health Center ("Chester") in violation of

Illinois law; it appears that, since this lawsuit was filed, Banks has ben transferred back to Elgin.

Regardless of whether IDHS officials violated Illinois law in transferring Banks to Chester, a

violation of state law is not ipso facto a violation of the Constitution.  "A state ought to follow its

law, but to treat a violation of state law as a violation of the Constitution is to make the federal

government the enforcer of state law.  State rather than federal courts are the appropriate institutions

---

2.      The original complaint in this case contained substantive allegations by Johnson,
Buchanan, and Rayaoum of wrongdoing committed against them by state actors, but these
allegations are not contained in the operative complaint in this case, which solely concerns alleged
wrongdoing against Banks.  In general,"[a]n amended pleading ordinarily supersedes the prior
pleading.  The prior pleading is in effect withdrawn as to all matters not restated in the amended
pleading and becomes functus officio."  *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736
(7th Cir. 2002).  There is an exception to this rule when "the relevant portion" of an earlier pleading
"is specifically incorporated in the new pleading."  *Wellness Community-National v.
Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).  In this instance, however, the amended complaint
in this case incorporates no portion of the original complaint in the case and therefore completely
supersedes the earlier complaint.

to enforce state rules.  Indeed, 'it is difficult to think of a greater intrusion on state sovereignty than

when a federal court instructs state officials on how to conform their conduct to state law.'"

*Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (quoting *Pennhurst State Sch. &*

*Hosp.v. Halderman,* 465 U.S. 89, 106 (1984)).  *See also Allison v. Snyder*, 332 F.3d 1076, 1078-79

(7th Cir. 2003) ("[T]he Constitution does not compel states to follow their own laws.  Nor does it

permit a federal court to enforce state laws directly.") (citations omitted); *Pasiewicz v. Lake*

*County Forest Preserve Dist*., 270 F.3d 520, 526 (7th Cir. 2001) ("A violation of a state statute is

not a *per se* violation of the federal Constitution. The federal government is not the enforcer of

state law.").

As to Banks's claim that Defendant Dr. Martani, a psychiatrist at Alton, took Banks off of

psychotropic medication without giving Banks anything to counteract the effect of withdrawal from

the medication, Banks has failed to state an Eighth Amendment claim.  As the United States Court of

Appeals for the Seventh Circuit has instructed, the Eighth Amendment "imposes upon . . . officials

the duty to 'provide humane conditions of confinement,' including the obligation to provide medical

care" to those whom they have confined.  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).[3]  Accordingly, a state officer's "deliberate

indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction

---

3.   As noted, Banks is a pretrial detainee, not a convicted prisoner.  Claims brought pursuant to 42
U.S.C. § 1983, when involving pretrial detainees, arise under the Fourteenth Amendment, not the
Eighth Amendment.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  However, it is well
settled in this Circuit that "§ 1983 claims brought under the Fourteenth Amendment are to be
analyzed under the Eighth Amendment test."  *Henderson v. Sheahan*, 196 F.3d 839, 844 n.2
(7th Cir. 1999).  *See also Mathis v. Fairman*, 120 F.3d 88, 91 n.3 (7th Cir. 1997) (quoting *City of*
*Revere v. Massachusetts Gen. Hosp*., 463 U.S. 239, 244 (1983)) ("The rights of a pre-trial detainee
under the due process clause of the Fourteenth Amendment are 'at least as great as the
Eighth Amendment protections available to a convicted prisoner.'").

of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Deliberate indifference such as rises to the level of a violation of a confined person's Eighth Amendment rights is "something approaching a total unconcern for [a confined person's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir.1992) (citations omitted). This total disregard for a confined person's safety is "the functional equivalent of wanting harm to come to" the confined person. *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). In this instance, Banks has not alleged conduct by Dr. Martani that rises to the level of deliberate indifference to Banks's serious medical needs. At most, Banks has alleged conduct on the part of Dr. Martani that may or may not have been negligent. However, mere negligence is not a sufficient basis for a claim under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (a "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (in order for a person confined by a state to make out a Section 1983 claim for deliberate indifference to his or her health or safety, negligence or even gross negligence is not enough; rather, the confined person must show actual intent or deliberate indifference on the part of state actors); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution[.]"); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("Medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). In sum, Banks has failed to state an Eighth Amendment claim.

The Court turns finally to Banks's claim that his transfer to Chester was in retaliation for his exercise of his First Amendment rights. In general, a confined person has a First Amendment right to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for state officials to retaliate against a confined person for exercising this right. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's confinement; second, that but for the protected conduct a defendant would not have taken an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009). The Supreme Court of the United States clarified recently that, unless a federal statute provides otherwise, the plaintiff bears the burden of demonstrating but-for causation in suits brought under federal law. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (to prevail in an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that [an unlawful motive] was the 'but-for' cause of the challenged . . . decision."); *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) ("[T]he decisions which say that a plaintiff need only prove that his speech was a motivating factor in the defendant's decision [to retaliate] do not survive *Gross*[.]"). Banks claims that he was transferred to Chester in retaliation for filing a lawsuit against officials at Elgin in 2007. The Court finds as facially implausible the notion that Banks's transfer in 2011 was taken in retaliation for an event that occurred four years earlier. *See, e.g., Hughes v.*

*Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (the temporal proximity of an employee's filing

of a formal discrimination complaint and the issuance of disciplinary letters, standing by itself, did

not sufficiently raise an inference of a causal connection between the employee's protected

expression and the adverse action for purposes of the employee's retaliation claim; four months

elapsed between the employee's filing and his receipt of the first disciplinary letter, and more than

three years passed before the employee's receipt of the second letter); *Antonson v. United Armored*

*Servs., Inc.*, No. 00 C 4095, 2002 WL 221605, at *3 (N.D. Ill. Feb. 12, 2002)  ("Given that four

months passed between the protected expression and the failure to promote, and that Antonson

provides no additional proof tending to establish a causal nexus between the two events, he has failed

to establish a *prima facie* case of retaliatory failure to promote.").  *Accord DeFranco v. Wolfe*, 387

Fed. Appx. 147, 155 (3d Cir. 2010) (rejecting a prisoner's claim that his cell transfer was retaliatory

where there was a temporal gap of approximately two months between the prisoner's protected

activity and the alleged retaliatory action); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209

(10th Cir. 1997) (a three-month period of time between an employee's single request for overtime

pay and her termination was insufficient to establish a causal connection between the employee's

request and her termination for purposes of a claim of retaliation).  Banks has failed to state a claim

for retaliation.[4]

---

4.    The Court notes that, to the extent Banks claims that he was transferred from Alton to Chester
in retaliation for advising patients at Alton of their legal rights, it is extremely questionable whether
advising other people of their legal rights qualifies as protected activity for purposes of a
First Amendment retaliation claim.  *See Horton v. Fleming*, No. 89 C 4289, 1991 WL 111263,
at **3-4 (N.D. Ill. June 13, 1991).  In any event, Banks's allegations regarding his supposed
protected activity at Alton are far too vague to state a retaliation claim.  *See Higgs v. Carver*, 286
F.3d 437, 439 (7th Cir. 2002) ("Had Higgs merely alleged that the defendants had retaliated against
him for filing a suit, without identifying the suit or the act or acts claimed to have constituted
retaliation, the complaint would be insufficient[.]").

To conclude, the Court finds that this action is frivolous and therefore, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i), this action is **DISMISSED with prejudice**.[5] Banks and Rayaoum are advised that the dismissal of this case counts as a "strike" for each of them within the meaning of 28 U.S.C. § 1915(g).  *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (in a jointly-litigated action, under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), when any claim in a complaint or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted, all prisoners who jointly filed the action incur strikes).  The Clerk of Court will enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED:  December 12, 2011

                      /s/ G. Patrick Murphy       
                      G. PATRICK MURPHY
                      United States District Judge

---

5.    The Court notes in passing that Banks's operative complaint in this case is purportedly brought as a class action.  However, this does not prevent the Court from screening this case pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).  *See Hall v. Brown*, Civil No. 10-724-GPM, 2011 WL 1403036, at *1 n.1 (S.D. Ill. Apr. 13, 2011) (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002)) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[ ].").  Also, Banks's complaint is devoid of class-action allegations, and his claim for relief plainly is unsuitable for class treatment.