IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY MAURICE BANKS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-301-GPM |
| | ) |
| **BRAYAN THOMAS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs Larry Maurice Banks, Christopher Smith, James Batey, Kevin Johnson, Matthew Buchanan, and Kenny Rayaoum bring this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights by state officials. Banks, Smith, Batey, and Rayaoum are mentally ill persons who have been adjudicated unfit to stand trial under Illinois law, and who are in the custody of the Illinois Department of Human Services ("IDHS"); Johnson and Buchanan have been adjudicated not guilty by reason of insanity under Illinois law and are in IDHS custody. On December 12, 2011, the Court dismissed this case as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and assessed "strikes" against Banks and Rayaoum under 28 U.S.C. § 1915(g). This case now is before the Court on Banks's motion for reconsideration of the dismissal of the case (Doc. 33).[1]

---

1. The Court notes that the instant motion is signed only by Banks. However, when a group of plaintiffs bring an action pro se, as here, all documents filed by the plaintiffs must by signed by all of the plaintiffs. *See* Fed. R. Civ. P. 11(a); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986).

Reconsideration of interlocutory orders is a matter of a district court's inherent power. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006); *A. Hollow Metal Warehouse, Inc. v. United States Fid. & Guar. Co.*, 700 F. Supp. 410, 411-12 (N.D. Ill. 1988). However, Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure expressly provide for reconsideration of final orders. *See Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995). Rule 60 states, in pertinent part, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). The commentary to Rule 60(b) explains, "the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60 advisory committee's note.[2] Under Rule 60(b) a district court may grant relief from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

---

2. A "final" order is, of course, an order that resolves a case on its merits, leaving a court nothing further to do but to enter judgment in a case. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978); *Catlin v. United States*, 324 U.S. 229, 233 (1945); *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1216 (7th Cir. 1990). In this instance, the Court's order entered December 12, 2011, which dismissed this case with prejudice and as to which judgment was entered the same day, is plainly final within the meaning of Rule 60. *See Fleming v. Huebsch Laundry Corp.*, 159 F.2d 581, 585 (7th Cir. 1947); *Hulson v. Atchison, Topeka & Santa Fe Ry. Co.*, 27 F.R.D. 280, 284 (N.D. Ill. 1960).

has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60(b).  *See also Tobel v. City of Hammond*, 94 F.3d 360, 361 (7th Cir. 1996) ("Pursuant to Rule 60(b) . . . a district court may grant relief from judgment by motion for a number of reasons, including the following:  mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment.").

An important difference between a motion to alter or amend a judgment brought under Rule 59(e) and a motion for relief from a judgment or order brought under Rule 60(b) is that the former, if filed no later than twenty-eight days from the date of entry of a judgment as to which reconsideration is sought, tolls the time to file a notice of appeal, so that the period for filing a notice of appeal runs anew from such date as the Rule 59(e) motion may be denied.  *See* Fed. R. App. P. 4(a)(4)(A)(iv); *United States v. Deutsch*, 981 F.2d 299, 302 n.4 (7th Cir. 1992); *Wort v. Vierling*, 778 F.2d 1233, 1234 (7th Cir. 1985); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 848 (7th Cir. 1981).  A second important difference between a Rule 59(e) motion and a Rule 60(b) motion is that the former is properly addressed to reconsideration of matters decided on the merits, such as a manifest error of law or fact.  *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008); *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).  A Rule 60(b) motion is any request for reconsideration of a judgment filed later than the deadline for filing a Rule 59(e) motion.  *See United States v. 47 W. 644 Route 38, Maple Park, Ill.*, 190 F.3d 781, 783 n.1 (7th Cir. 1999); *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).  Unlike a Rule 59(e) motion, a Rule 60(b) motion does not alter the

time for filing a notice of appeal. *See Properties Unlimited, Inc. Realtors v. Cendant Mobility Servs.*, 384 F.3d 917, 922 (7th Cir. 2004); *SEC v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002); *Simmons v. Ghent*, 970 F.2d 392, 393 (7th Cir. 1992).[3] Also, supposed legal error by a district court is cognizable only under Rule 59(e), and is not a basis for relief under Rule 60(b). *See, e.g., Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for . . . a [Rule 60(b)] motion. In fact it is a forbidden ground[.]"); *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("Rule 60(b) is not intended to correct errors of law made by the district court[.]").

The decision to grant or deny a Rule 60(b) motion lies within the sound discretion of a district court. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). *See also Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) ("[R]elief

---

3. This is why, although a denial of a Rule 60 motion is a final, appealable order, review of such an order is limited to the propriety of a district court's denial of reconsideration, and does not extend to the judgment or order as to which reconsideration was sought. *See Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("A timely appeal may be taken under [Rule 4(a) of the Federal Rules of Appellate Procedure] from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Civil Rule 60(b) relief does not bring up the underlying judgment for review."); *Hough v. Local 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1021-22 (7th Cir. 1989) (appeal from denial of a Rule 60(b) motion to vacate a summary judgment is not a substitute for a timely appeal from the summary judgment; review was limited to disposition of the Rule 60(b) motion). Banks failed to perfect a timely appeal from the Court's order entered December 12, 2011, dismissing this case, so that appellate review of the dismissal order is foreclosed.

under Rule 60(b) is an extraordinary remedy reserved for the exceptional case[.]"). The remedy afforded by Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984). *See also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (calling a district court's decision as to whether to grant relief under Rule 60(b) "discretion piled on discretion"). When relief is sought under Rule 60(b), "[t]he policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation." 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2857 (2d ed. 1987 & Supp. 2011) (footnote omitted) (collecting cases). "Rule 60(b) . . . is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). *See also Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for new trial, rather than a [Rule] 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge[.]"). Relief under Rule 60(b) is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir.1994). Finally, a court may not grant relief pursuant to Rule 60(b)(6), the "catchall" section of the rule providing for vacatur of a judgment for "any other reason that justifies relief," if one of the other enumerated grounds for relief set out in Rule 60(b) is applicable to a case. *See Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998); *Industrial Assocs., Inc. v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir. 1986).

The Court turns then to Banks's motion for reconsideration. Because the motion was filed more than twenty-eight days after the entry of the Court's judgment dismissing this case, Banks's motion must be construed as being brought under Rule 60(b). Although Banks devotes a considerable portion of his motion to quarreling with the reasoning of the Court's order dismissing this case, as already has been discussed, challenges to a court's supposed errors of law or fact are not an appropriate subject for a Rule 60(b) motion. "A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court. The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (citations omitted). To the extent that the basis for Banks's motion is Rule 60(b)(2), e.g., newly discovered evidence which by due diligence could not have been discovered before judgment was entered in a case, Banks's motion fails as well. "[T]o support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after [a judgment], but also that it could not with reasonable diligence have discovered and produced such evidence" before judgment. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation omitted). To prevail on a Rule 60(b)(2) motion, the following must be shown: (1) the evidence was discovered following the entry of the order or judgment as to which relief is sought; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that reconsideration of the claim would probably produce a new result. *See In re Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 78 F.3d 285, 293-94

(7th Cir. 1996). If any of these prerequisites is not satisfied, a Rule 60(b)(2) motion must fail. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999). Evidence not in existence when a judgment is entered in a case is not considered "newly discovered" within the meaning of Rule 60(b)(2). *See Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1383 (Fed. Cir. 2002). In Banks's operative complaint in this case, Banks alleged that Defendant Dr. Martani, a psychiatrist who treated Banks at Alton Mental Health Center in Alton, Illinois, abruptly discontinued the psychotropic medication Banks was taking, Seroquel, without giving Banks anything to counteract the effect of withdrawal from the medication. Banks now proffers an expert report by Dr. Peter Fink, a psychiatrist, dated December 23, 2011, that was prepared for a different case in which Fink opines that the best medical practice is to taper off a patient's psychotropic medication, rather than simply terminate the medication all at once. As this evidence came into existence after the dismissal of this case, it cannot be considered newly discovered for purposes of Rule 60(b)(2). The other supposedly newly discovered evidence proffered by Banks is an entry on Seroquel from the website of the U.S. Library of Medicine of the National Institutes of Health and a scholarly article on whether withdrawal from psychotropic medication can provoke psychosis. Because this evidence could have been uncovered by Banks prior to the dismissal of this case, the evidence does not qualify as newly discovered. In any event, all of the evidence at issue is hearsay and therefore cannot affect the outcome of this case. Also, none of Banks's evidence leads the Court to conclude that the conduct alleged against Martani by Banks amounts to anything more than negligence, not the deliberate indifference to Banks's serious medical needs required to state a constitutional claim against Martani. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

To conclude, Banks's Rule 60(b) motion for reconsideration of the Court's judgment dismissing this case (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 6, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge